Greco, P.J.
In 1998, Kenneth P. Weiss (“Weiss”) entered into an agreement with Steve’s Creative Stereo & Security Systems, Inc. (“Steve’s”) for the installation of a sophisticated home theater system at his residence. Weiss paid a significant amount of the contract price in advance of the installation. When he did not pay the balance due, Steve’s filed an action against him in the Framing-ham Division of the District Court Department. That action was dismissed for lack of jurisdiction and later refiled in the Middlesex Superior Court. In February, 2000, the Superior Court case was concluded by the parties’ written “Settlement Agreement and Release of Claims” that required (1) Weiss to pay $15,000.00 to Steve’s and (2) both parties to release each other and anyone connected to them from any claims “they may have against one another relating to the claims and counterclaims raised in the [superior court] action. ...” Five months later, in July, 2000, Weiss sued Steve’s in the Newton Division of the District Court Department, alleging that the parties had modified the settlement agreement shortly after it was signed, that the modification required Steve’s to give software to Weiss necessary to operate the theater system, and that Steve’s had failed to do so. It is from the dismissal of the Newton action that Weiss has appealed.
A pretrial conference in the Newton Division jury session was scheduled for March 20, 2006. A “Notice of Assignment” was thereafter issued by the court indicating that the case was scheduled for a jury trial on April 26, 2006. The parties appear to agree that before any trial commenced on April 26th, the judge addressed some type of motion in limine, the filing of which is not reflected in either the trial court docket entries or the record before us. While the transcript of the proceeding held in the trial court is labeled “Transcript of Trial,” the parties do not view the proceeding as such.[2] Counsel for Weiss (apparently the moving party) stated at the outset that the issues before the court were “the operative date” of the settlement agreement and whether the *155 attorney (now deceased) who represented Steve’s in the superior court action was “authorized to execute a modification of that [agreement].” Both parties as well as the attorney who represented Weiss in the superior court matter testified in the Newton proceeding. As discussed below, the testimony and the exchanges between the court and counsel related to issues beyond those identified by counsel for Weiss. At the close of the hearing, counsel for Steve’s argued that because nothing had been presented “that undermines the authority of the Settlement Agreement and Release,” it should be “enforced this day” and the Newton case should be dismissed. The judge took the matter under advisement. On June 28, 2006, he filed a written decision on the merits, ordering the entry of judgment for the defendant, Steve’s. No trial ever took place.
In his decision, the judge clearly did not make any rulings on whether evidence would be admissible at a future trial. Rather, he reviewed the issues in the case and ultimately determined that the parties’ dispute could be reduced to a single question of law, namely, the interpretation of the settlement agreement modification. Before reaching that conclusion, the judge traced the history of the parties’ dealings and the legal positions they had taken. He agreed with Weiss that the parties had modified the Settlement Agreement, thereby rejecting Steve’s position that his prior attorney was not authorized to execute such a modification. While these conclusions were premised on factual determinations, Weiss cannot be heard to complain about rulings in his favor. On the other hand, the trial judge rejected Weiss’ argument that there was a mutual mistake by the parties as to whether Steve’s “would be required to take any additional action or provide any materials including software to Weiss.” While this conclusion was implicitly premised on findings of fact that could only have been made properly after a trial on the merits, the court’s ultimate decision was not based on the existence of a mutual mistake. Rather, the judge found in favor of Steve’s on two independent grounds: first, that the Settlement Agreement “cannot stand and is invalid” for lack .of consideration, and second, that “even if it were to stand, there is no evidence ... [of] non-compliance.”
With respect to the first conclusion, it would appear that the parties’ original agreement for the installation of a home theater system was a contract for the sale of goods with incidental services. If so, the contract would have been governed by the Uniform Commercial Code, Dynamic Mach. Works, Inc. v. Machine & Elec. Consultants, Inc., 444 Mass. 768, 770-771 (2005); USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass. App. Ct. 108, 119 (1989), and no consideration would have been required for the modification. G.L.c. 106, §2-209(1). Arguably, however, resolution of this issue could involve a question of fact that would have to be resolved at trial. Given the factual issues, the court’s judgment for Steve’s would have been appropriate only if it was demonstrated at the Newton evidentiary hearing that as a matter of law, Weiss could not possibly prove at a trial that Steve’s failed to comply with its obligations under the modification.
The gist of Weiss’ claim is that the modification required Steve’s to give him certain software necessary to run the home theater system. Steve’s maintains that the modification did not require an actual, physical transfer to Weiss of a tangible item (that is, the home theater system software), but merely obligated Steve’s to transfer any “rights and interests” it may have had in that software. The interpretation of the modification of the parties’ Settlement Agreement was an issue of law. ‘The interpretation of an unambiguous contract is a question of law for the court.” Lawrence-Lynch Corp. v. Department of Envtl. Mgmt., 392 Mass. 681, 682 (1984). Moreover, “[w]hether or not a contract is ambiguous is also a question of law for the court.” Berkowitz v. President & Fellows of Harvard Coll., 58 Mass. App. Ct. 262, 270 (2003). Resolution of those questions *156 will “turn [] on the particular language used against the background of other indicia of the parties’ intention ... [, and] with reference to the situation of the parties when they made it and to the objects sought to be accomplished” (citation omitted). Starr v. Fordham, 420 Mass. 178, 190 (1995), quoting Shea v. Bay State Gas Co., 383 Mass. 218, 222-223 (1981).
The modification stated that it was an agreement of the parties “concerning the release of all rights in the Crestron system and any software or programming associated therewith as part of a final settlement” of the superior court litigation. The Crestron system essentially operates the home theater. The modification further provided that “ [t] o the extent that [Steve’s] has or had rights or interests in the programming, coding, software or collateral materials in whatever media associated therewith, in that Crestron unit,... [Steve’s] specifically transferís] in good faith those rights and interests to [Weiss].” This language could be interpreted to mean that the physical transfer of an actual unit of software on a disk was not contemplated. The release of rights in software and the transfer of those “rights and interests” may simply mean that Steve’s was relinquishing any proprietary interest in the software and that Weiss was free to use anything within his theater system as he wished. Releasing something is generally not considered synonymous with giving or physically transferring it. Under this interpretation, there would have been no question of fact requiring a trial because there was no evidence that Weiss was prevented from using the software already in his home theater system in any way he saw fit.
It is not clear from the record before us, however, that the parties, themselves, had this more passive view of Steve’s obligations. Weiss certainly did not see it that way. While Steve’s prior counsel had in a fax referred to his client “relinquish [ing] all ownership rights to certain enumerated items,” Steve’s maintained in its answer to the complaint in this action that there was “no physical ‘Software.’” Then, in a later deposition, Steve’s owner testified that he thought “we do have it.” Finally, at the hearing in the trial court, Steve’s position was that its prior attorney was not authorized to agree to the modification, and that, in any event, if it had the software, it “would happily turn it over.”
In view of the ambiguity in the Settlement Agreement modification and the factual issues outlined above, we conclude that at the end of the hearing on the motion in limine, the case was not ripe for a determination solely on a question of law.[3]
Accordingly, judgment for the defendant is vacated, and the matter is returned to the Newton Division of the District Court Department for trial.
So ordered.

 For example, counsel for Weiss characterized the proceeding as “somewhat... unusual.” Shortly after the hearing began, the trial judge noted that “this matter was going to be on for trial”; later, he stated that “[p]eople are here for trial.” In his closing statement, counsel for Weiss argued that whether Steve’s gave his client “what he promised to give him, or whether there’s anything else to give him, is a question of fact, I think if he goes to trial... [b]ut that’s not a question before [the court] today.” Shortly afterward, when counsel for Weiss sought to submit a deposition into evidence, counsel for Steve’s argued that “[t]hat’s a matter for trial.”

 We recognize that, at least on the record before us, the likelihood that Weiss would be able to present evidence of extrinsic facts to clarify any such ambiguity may well be slim. We are reluctant, however, to affirm the decision by the trial court as a matter of law when there was no prior indication to the parties that the merits of the case would be addressed at what was billed as a hearing on a motion in limine.